IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS RANDALL CARLYLE,

    Petitioner,           No. CIV S-08-1736 GEB GGH P

    vs.

JOHN MARSHALL, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction for voluntary manslaughter.

    This action is proceeding on the original petition filed July 28, 2008, raising one claim: the sentencing court improperly imposed the upper term in violation of <u>Cunningham v. California</u>, 549 U.S. 270, 127 S.Ct. 856 (2007).

/////
/////
/////
/////

1

Pending before the court is respondent's September 3, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully reviewing the record, the court recommends that respondent's motion be granted.

II. Discussion

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On March 20, 2002, the California Supreme Court denied petitioner's petition for review. Respondent's Lodged Documents 3-4. Petitioner's conviction became final 90 days later on June 18, 2002, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Petitioner had one year from that date to file a timely federal petition. The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

In his opposition, petitioner argues that a later trigger date for the statute of limitations runs from the date Cunningham was decided pursuant to 28 U.S.C. § 2244(d)(1)(C). However, in Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that

Cunningham did not announce a new rule:

> Apprendi[1], Blakely[2] and Booker[3] made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F.3d at 639.

In Butler, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent before his conviction was final. See Caspari v. Bohlen, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)(determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of Teague). The pivotal question is thus the same either way: did Apprendi, Blakely or Booker compel the conclusion that California's DSL law violates the Sixth Amendment?

In Butler, the Ninth Circuit found that Cunningham was "clearly dictated by the Supreme Court's Sixth Amendment case law, in particular Blakely ...". 528 F.3d at 628. Pursuant to Butler, the statute of limitations for a Cunningham claim does not run from the date on which Cunningham became final.

Petitioner may also argue that the statute of limitations runs from the date on which Blakely and Booker were decided, which occurred after his conviction became final.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

[2] Blakely v. Washington, 542 U.S. 296, 542 S.Ct. 296 (2004) held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose soley based on the facts reflected in the jury's verdict or admitted by defendant.

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

However, petitioner mistakes the usual rule for applying law retroactively to the merits of an issue with the statute of limitations analysis of § 2244(d)(1)(C). The latter analysis has a dual requirement: 1) a newly recognized rule; and 2) made retroactive to cases on collateral review. Apprendi, Blakely and Booker were determined to be new rules, but not retroactive, thereby not satisfying the second requirement.[4] Cunningham has been determined to be retroactive to cases on collateral review, but not a new rule, thereby not satisfying the first requirement. Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by any of the cases. The statute of limitations analysis is governed by the "usual" rule – subsection (A).

Accordingly, the instant petition is untimely unless petitioner is entitled to statutory or equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner filed his first state habeas petition in the Sacramento County Superior Court on June 18, 2007. Respondent's Lodged Document 5. Because petitioner did not begin his post-conviction challenges until after the statute of limitations ran, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001).

Petitioner makes no argument in support of equitable tolling.

For the reasons discussed above, the court finds that petitioner's application for a writ of habeas corpus is barred by the statute of limitations.

/////

/////

---

[4] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir.)(Apprendi not retroactive), cert. denied, 546 U.S. 944, 126 S.Ct. 442 (2005); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005)(Blakely is not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005)(Booker not retroactive).

4

1   Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 3,
2 2008, motion to dismiss (# 7) be granted.
3   These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: December 5, 2008
12                                             /s/ Gregory G. Hollows
13                                             UNITED STATES MAGISTRATE JUDGE
14
15 car1736.mtd